*942 OPINION

Per Curiam:

THE FACTS

In April 1963, appellant Adolf Schoepe (“Schoepe”), and Ruth and James D. Williams (the “Williams”) formed an informal partnership, Lion Hill Mines (“LHM partnership”). In 1971, pursuant to a joint venture, LHM partnership purchased the Buckskin Mine site — the mining property at issue in this litigation (“Buckskin site”). In 1980, under an installment purchase contract with the Williams, respondent Pacific Silver Corporation (“PSC”) mined the property for several years and, under an option in the contract, leased and attempted to sell the Buckskin site to another company.
In the interim, James and Ruth passed away and their respective interests in the Buckskin site passed to respondent, the estate of Ruth T. Williams (the “Estate”). In 1989 in subsequent litigation between Schoepe and the Estate, the district court adopted a stipulation in which Schoepe and the Estate agreed that the LHM partnership owned the Buckskin site and that as the last surviving partner of the LHM partnership Schoepe had the right to receive the partnership assets and profits in the course of winding-up the affairs of the LHM partnership.
Thereafter, during the course of PSC’s attempted sale of the Buckskin site, all three parties stipulated that the district court should determine how much rent, if any, PSC owed on the property for a period between October 1986 and July 1988. In turn, the Estate filed a motion with the district court requesting that the court determine the reasonable rental value of the Buckskin site. In the motion the Estate did not suggest any method for calculating the rent. PSC filed an opposition to the motion, arguing that it owed no rent. Alternatively PSC suggested that if it owed rent on the Buckskin site, the court should base it on a reasonable rate of return on the value of the property, $185,000.[1] Significantly, PSC failed to suggest or otherwise quantify what constituted a reasonable rate of return. Thereafter, Schoepe, claiming that as a partner in the LHM partnership he possessed an interest in the rent, filed a reply to PSC’s opposition. Schoepe suggested three methods for calculating the rent: (1) $41,667 per month — the amount that PSC received under the lease to the other company; (2) $6,250 — the amount suggested by an appraiser hired by the Estate; and (3) the interest lost in the purchase *943 amount as the result of PSC’s failure to timely pay $185,000 for the applicable period of time.
The district court, without providing findings of fact or conclusions of law, ordered PSC to pay the Estate $26,398.05 in rent. Shortly thereafter, PSC paid the rent in full to the Estate. Schoepe appealed.
On appeal Schoepe contends the district court erred by (1) failing to explain its method of calculating the rent; and (2) ordering that the Estate receive the payment. We agree and reverse and remand.

DISCUSSION

Method of calculating the reasonable rental value

NRCP 52(a) requires that in all actions tried without a jury, the district court must “find the facts specially and state separately its conclusions of law.” Nonetheless, the rule also provides that findings of fact and conclusions of law are unnecessary on decisions of motions. NRCP 52(a). Where findings of fact and conclusions of law are not required by NRCP 52(a), namely, a ruling on a motion, the record must nonetheless indicate the support for the lower court’s decision in order for this court to sustain the court’s ruling on appeal. United States v. McLean, 78 Nev. 60, 62-63, 368 P.2d 872, 873 (1962).
Schoepe argues that the district court committed reversible error in failing to provide any explanation of how it arrived at a reasonable rental value of the Buckskin site. Notwithstanding NRCP 52(a), Schoepe maintains that the record lacks any indication of the factual basis for the court’s conclusion. He points out that the record does not contain a transcript or any other documentation which would suggest how the district court should have calculated the rental value. Schoepe also asserts that no one suggested a method of rental calculation which would allow the court to come up with the $26,398.05 figure. Thus, Schoepe asks this court to remand this matter for a detailed explanation of the district court’s rental calculation.
In determining the reasonable rental value, the district court ruled on a motion, which NRCP 52(a) excludes from the factual findings and legal conclusions requirement. However, the record does not contain any intimation of how the district court arrived at the rental figure or what calculation method the court employed. While it is true that both PSC and Schoepe suggested methods to calculate the rental value, it appears that the district *944 court did not utilize any of the suggested methods to arrive at the $26,398.05 figure. In turn, without findings of fact and conclusions of law, this court has no way of assessing whether the rental award constitutes a “reasonable” rate of return.
Thus, we conclude that the district court erred in failing to explain its rationale for formulating the reasonable rental value and we remand this matter for an explanation of the district court’s method used to calculate the rental value.

Payment of the rent to the Estate

Schoepe assails the district court’s ruling because it directed PSC to pay the rent to the Estate rather than Schoepe. Schoepe argues that a district court order established that the partnership owned the Buckskin site. Schoepe states that although the Estate retains a 42.5 percent financial interest in the rent payment, as the last surviving partner he had the right to receive the rent payment. Schoepe contends that only he could wind up the affairs of the partnership and proposes that upon receiving the rent payment on the partnership’s behalf, he would give the Estate its rightful share. Finally, Schoepe argues that PSC’s payment to the Estate does not palliate the fact that the district court improperly ordered that PSC pay the Estate. Thus, Schoepe requests that this court remand this matter to the district court and order the court to direct the rental payment to him rather than the Estate.
In ratifying and adopting the 1989 stipulation between Schoepe and the Estate, the district court ruled that Schoepe was the last surviving member of the LHM partnership, and that as an LHM partner he was a party to the Buckskin site joint venture. The district court also recognized that the LHM partnership owned the property at issue in this appeal. In addition, the court empowered Schoepe to wind-up the LHM partnership’s affairs, which would include receiving any remaining profits or assets due on behalf of the partnership. We hold that given the 1989 stipulation and order which acknowledge Schoepe’s interest in the property and the partnership, the district court erred in directing PSC to pay the Estate the rent.
Thus, in view of the district court’s error in ordering PSC to pay the rental value to the Estate rather than Schoepe, we reverse the district court’s order and remand this matter to the district court. Notwithstanding this analysis, we are informed that PSC already remitted the $26,398.05 to the Estate. In turn, on remand we order the district court to require the Estate to forward the entire rent payment to Schoepe and allow Schoepe to dole out the 42.5 percent share to the Estate to the extent the lawful winding-up of partnership obligations allows.
*945 We have carefully considered the other issues raised on appeal and conclude that they lack merit or need not be addressed given our disposition of this matter. Accordingly, we reverse the district court’s order and hereby remand for proceedings consistent with this opinion.

Earlier in this litigation the district court valued the Buckskin site at $185,000.