DIAMOND ELECTRIC INC., a Nevada Corporation, Plaintiff—Appellant,

v.

PACE PACIFIC CORPORATION, an Arizona Corporation, Defendant—Appellee.

No. 08–15772.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 2, 2009.

Filed Sept. 16, 2009.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

---

Glade L. Hall, Esquire, Reno, NV, for Plaintiff–Appellant.

Jasmine K. Mehta, Esquire, Lewis and Roca LLP, Reno, NV, Thomas G. Ryan, Esquire, Lewis & Roca, LLP, Las Vegas, NV, for Defendant–Appellee.

Before: WALLACE, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

Diamond Electric appeals the district court's summary judgment to Pace Pacific.

This is a diversity case applying Nevada law. We affirm.

■ Pace's letter of intent to Diamond did not create a binding contract. "Commonly, a letter of intent is used so that people negotiating toward an agreement, who do not yet have one, can get their preliminary inclinations down on paper without committing themselves." *Rennick v. O.P.T.I.O.N. Care, Inc.*, 77 F.3d 309, 315 (9th Cir.1996). The purpose of a letter of intent is ordinarily to "avoid[ ] a misunderstanding that a commitment has been made." *Id.* Pace's letter shows that it intended to form a contract with Diamond at a later date. An agreement to agree on contract terms at a later date is not a binding contract in Nevada. *City of Reno v. Silver State Flying Serv., Inc.*, 84 Nev. 170, 438 P.2d 257, 261 (1968).

■ Nor did Diamond establish a genuine issue of fact as to whether Pace was unjustly enriched by receiving Diamond's "value engineering" free of charge. Value engineering was part of the competitive bidding process and not performed with an expectation of payment. The record contains no evidence that Diamond provided unique insight, in the expectation that it would be compensated, that Pace would not have received from another electrical subcontractor. These facts do not go "against [the] fundamental principles of justice or equity." *Asphalt Prods. Corp. v. All Star Ready Mix, Inc.*, 111 Nev. 799, 898 P.2d 699, 701 (1995) (quotations omitted).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.