DYNAMIC TRANSIT COMPANY; AND KNIGHTS COMPANY/ AUTO TRANSPORTERS, A MISSOURI BUSINESS ENTITY, APPELLANTS/CROSS-RESPONDENTS, v. TRANS PACIFIC VENTURES, INC.; AND TREVOR SMALL, RESPONDENTS/ CROSS-APPELLANTS.

No. 58041

December 27, 2012 291 P.3d 114

[Rehearing denied April 4, 2013]
[En banc reconsideration denied May 24, 2013]

*Marquis Aurbach Coffing* and *Micah S. Echols* and *Scott A. Marquis*, Las Vegas, for Appellants/Cross-Respondents.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC*, and *David J. Larson* and *Jeremy R. Alberts*, Las Vegas, for Respondents/Cross-Appellants.

Before DOUGLAS, GIBBONS and PARRAGUIRRE, JJ.

## OPINION

By the Court, PARRAGUIRRE, J.:

In this opinion, we consider whether a shipper's state-law claim for conversion is necessarily preempted by the Carmack Amendment's federal liability limitation for interstate carriers, where the carrier was not authorized to take possession of the shipper's property but did so for its own gain. Recognizing that the Carmack Amendment does not apply in cases of true conversion, we conclude that sufficient evidence supports the district court's findings

and award of damages. Thus, we affirm the district court's judgment in respondents' favor.

## FACTS AND PROCEDURAL HISTORY

In June 2007, respondent Trevor Small purchased a luxury sports car from Desert Audi in Henderson, Nevada, for the total price of $67,253.25.[1] Small contracted with Nex-Day Auto Transport, Inc., to facilitate delivery of the vehicle to Washington, with instructions that the vehicle be transported in an enclosed carrier. Nex-Day proceeded to advertise the job on an industry website. A dispatcher from appellants Dynamic Transit Company/Knights Company (collectively, Knights) called Nex-Day and offered to transport the vehicle. While on the phone, Nex-Day provided Knights' dispatcher with Small's delivery address and contact information. Nex-Day then faxed a work order with this information to Knights, which required that Knights agree to Nex-Day's terms in writing and return a signed copy to Nex-Day before accepting delivery of the vehicle.

This was not the first time that Knights had negotiated with Nex-Day for delivery of a vehicle. In fact, Nex-Day owed Knights approximately $9,650 for past-due invoices. Instead of signing and returning the work order provided for the transport of Small's car, the Knights dispatcher altered the terms of the agreement to include a pay-on-delivery clause and to provide for transport in an unenclosed carrier. The dispatcher proceeded to generate a bill of lading and arranged for a truck to pick up Small's vehicle from Desert Audi. Nex-Day never received a signed copy of the work order—altered or otherwise—from Knights. Thus, it faxed a cancellation to Knights and proceeded to solicit other carriers.

The next day, a Knights driver arrived at Desert Audi and began loading Small's vehicle onto an unenclosed carrier. Although a Desert Audi representative informed the driver that Knights was not authorized to transport the vehicle, the driver proceeded with pickup and departed with Small's car.

Once in possession, Knights transported the vehicle to Washington but demanded that Nex-Day tender payment for its unrelated past-due invoices before it would proceed with delivery. When Nex-Day failed to do so, Knights refused to deliver Small's vehicle, and it was ultimately transported to a storage facility in Missouri.

Small brought action against Knights, alleging various state-law claims, including conversion and fraud. In its answer, Knights denied any wrongdoing and set forth a number of affirmative

---

[1]Small is the sole owner of respondent Trans Pacific Ventures, Inc., and the vehicle was to be used in a company capacity. We refer to respondents collectively as Small.

defenses—none of which included an argument that Small's state-law claims were preempted by the Carmack Amendment.

Nearly one and a half years after filing its answer, Knights filed a motion to dismiss Small's complaint for failure to state a claim under NRCP 12(b)(5). Namely, Knights asserted that Small's state-law claims were preempted by the Carmack Amendment's federal liability limitation for interstate cargo carriers. Small responded that Knights had waived this defense by failing to timely raise it, and even if it had not waived it, the Carmack Amendment preemption did not apply because Knights was never contractually authorized to obtain possession of the vehicle. The district court concluded that the Carmack Amendment was inapplicable and denied Knights' motion to dismiss.

Following a bench trial, the district court granted judgment in Small's favor regarding his state-law claims for conversion and fraud, awarding Small a total of $52,500 in compensatory damages and $300,000 in punitive damages. Knights then filed a motion to amend judgment, arguing that it was entitled to a $40,000 offset based on a pretrial, partial-settlement payment to Small. The district court declined to recalculate damages. This appeal followed.[2]

## DISCUSSION

Knights contends that the district court erred in denying its motion to dismiss pursuant to NRCP 12(b)(5) because the Carmack Amendment preempts each of Small's state-law claims. Alternatively, Knights argues that even if the Carmack Amendment does not apply, there is insufficient evidence to support the district court's judgment. Finally, Knights argues that the district court erred in its award of compensatory damages. We disagree with each of Knights' contentions.

*The district court properly denied Knights' motion to dismiss*

Knights argues that the district court erred in denying its motion to dismiss because the Carmack Amendment preempts state-law

---

[2]Small has also filed a cross-appeal, arguing that Knights waived its right to assert the Carmack Amendment as an affirmative defense by failing to raise it in its answer pursuant to NRCP 8(c), and that the district court erred by granting Knights post-trial leave to amend its answer pursuant to NRCP 15(b). Because Small prevailed below, he is not aggrieved by the district court's judgment, and we therefore lack jurisdiction over the cross-appeal. NRAP 3A(a); *Ford v. Showboat Operating Co.*, 110 Nev. 752, 756, 877 P.2d 546, 549 (1994) ("A party who prevails in the district court and who does not wish to alter any rights of the parties arising from the judgment is not aggrieved."). Accordingly, we dismiss Small's cross-appeal.

claims so long as the carrier possesses a bill of lading, regardless of the circumstances under which the bill of lading was generated. Small asserts that, regardless of the bill of lading's propriety, the Carmack Amendment does not apply here because the facts of this case fall within an exception for "true conversion."

A complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff could prove no set of facts which, if accepted by the trier of fact, would entitle him to relief." *Edgar v. Wagner*, 101 Nev. 226, 228, 699 P.2d 110, 112 (1985). In reviewing the district court's denial of Knights' motion to dismiss, it is necessary for us to consider the preemptive scope of the Carmack Amendment as applied to the allegations in Small's complaint.

The Carmack Amendment to the Interstate Commerce Act was enacted in 1906 to establish a uniform national liability policy for interstate carriers, and it limits carrier liability to "the actual loss or injury" to goods that occurs during interstate transit. 49 U.S.C. § 14706(a)(1) (2006); *New York, N.H. & H.R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953). Accordingly, under the Carmack Amendment, certain compensatory damages and punitive damages are not available. The Supreme Court has explained that the Carmack Amendment's preemptive scope "supersedes all the regulations and policies of a particular state." *Adams Express Co. v. Croninger*, 226 U.S. 491, 505 (1913); *see also Rolf Jensen & Associates v. Dist. Ct.*, 128 Nev. 441, 445, 282 P.3d 743, 746 (2012) ("The preemption doctrine emanates from the Supremacy Clause of the United States Constitution, pursuant to which state law must yield when it frustrates or conflicts with federal law.").

In considering the facts of this case, we turn to two Ninth Circuit Court of Appeals opinions for guidance. In *Hall v. North American Van Lines, Inc.*, the Ninth Circuit concluded that the Carmack Amendment preemption "applies equally to fraud and conversion claims arising from a carrier's misrepresentations as to the conditions of delivery or failure to carry out delivery." 476 F.3d 683, 689 (9th Cir. 2007) (citing *Georgia, Fla., & Ala. Ry. v. Blish Co.*, 241 U.S. 190, 197 (1916)). However, "when there has been a true conversion, i.e., where the carrier has appropriated the property for its own use or gain," the Ninth Circuit has held that "it would be against public policy to permit the carrier to limit its liability and thus to profit from its own misconduct." *Glickfeld v. Howard Van Lines*, 213 F.2d 723, 727 (9th Cir. 1954). *See also Tran Enterprises, LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1009 (5th Cir. 2010) ("[W]here a carrier has intentionally con-

verted for its own purposes the property of the shipper, traditional true conversion claims should be allowed to proceed and [the Carmack Amendment's] limitations on liability should be considered inapplicable."); *Mayflower Transit, Inc. v. Weil, Gotshal & Manges, L.L.P.*, No. Civ.A. 3:00-CV-549-P, 2000 WL 34479959 (N.D. Tex. Oct. 18, 2000) (concluding that the Carmack Amendment did not preempt a conversion claim where the stolen goods were not part of goods authorized to be shipped).

Applied here, Small's complaint alleged that Knights had wrongly asserted an act of dominion over his vehicle for its own gain, which was a denial of his rights to the property. Construing this allegation in Small's favor, the district court properly concluded that the Carmack Amendment did not preempt Small's claim for true conversion.

Thus, the district court did not err in denying Knights' motion to dismiss with regard to Small's conversion claim.[3]

*Sufficient evidence supports the district court's judgment*

Knights argues that even if the Carmack Amendment did not preempt Small's state-law claim, there is not sufficient evidence to support the district court's findings.

This court will not disturb a district court's findings of fact unless they are clearly erroneous or not supported by substantial evidence. *Edwards Indus. v. DTE/BTE, Inc.*, 112 Nev. 1025, 1031, 923 P.2d 569, 573 (1996). Substantial evidence is that which " 'a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Edison Co. v. Labor Board*, 305 U.S. 197, 229 (1938)).

---

[3]While the conversion claim is appropriate, we acknowledge that the caselaw exempting true conversion from the Carmack Amendment preemption does not provide an exception for state-law fraud claims. Instead, caselaw suggests the opposite with regard to fraud. *See Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 289 (7th Cir. 1997) (concluding that fraud "claims relating to the making of the contract for carriage are so closely related to the performance of the contract, and the measure of damages for such claims so likely to be the loss or damage to the goods, that they are also preempted by the Carmack Amendment"). Nonetheless, because the district court's finding of conversion warranted the compensatory and punitive damages awarded, we need not reverse the district court's judgment. "If a decision below is correct, it will not be disturbed on appeal even though the lower court relied upon wrong reasons." *Hotel Riviera, Inc. v. Torres*, 97 Nev. 399, 403, 632 P.2d 1155, 1158 (1981).

In Nevada, conversion is defined as "a distinct act of dominion wrongfully exerted over personal property in denial of, or inconsistent with, title or rights therein or in derogation, exclusion or defiance of such rights." *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 328, 130 P.3d 1280, 1287 (2006). Liability for a claim of conversion is predicated upon "an act of general intent, which does not require wrongful intent and is not excused by care, good faith, or lack of knowledge." *Evans v. Dean Witter Reynolds, Inc.*, 116 Nev. 598, 606, 5 P.3d 1043, 1048 (2000).

Here, the record includes testimony from various witnesses that Knights lacked authority to transport the vehicle because Nex-Day never received a signed copy of the work order. In particular, the Knights dispatcher acknowledged at trial that he sent a truck to pick up Small's vehicle before reaching an agreement with Nex-Day, that he materially altered the work order, and that he could not recall whether he ever returned the modified work order to Nex-Day for approval. Next, Knights' driver testified that he never attempted to deliver the vehicle to Small, and a manager from Desert Audi testified that Knights was "holding the car for ransom or hostage because Nex-Day owed him money from . . . previous business dealings." The record also indicates that Nex-Day sent a second fax to Knights on the same day that it sent the work order to cancel the job. Finally, Small testified that when he called to locate his vehicle, the Knights dispatcher was "very belligerent" and said, "I have your vehicle, yes. You're not getting it back until Nex-Day pays us what money is owed for past jobs."

Based on this evidence, a reasonable mind could accept that Knights had engaged in an act of conversion by consciously seizing the vehicle without authority in order to use that vehicle as leverage to obtain money from Nex-Day. *Richardson*, 402 U.S. at 401. Thus, we conclude that substantial evidence supports the district court's judgment in Small's favor.

*The district court's award of damages is proper*

Knights argues that the district court erred in calculating the $52,500 compensatory damages award by failing to offset its pretrial payment of $40,000 to Small, resulting in an excessive award of punitive damages in the amount of $300,000.

Where a defendant keeps possession of the property he has converted, the injured party should receive full compensation based on actual loss. *Bader v. Cerri*, 96 Nev. 352, 356, 609 P.2d 314, 317 (1980), *overruled on other grounds by Evans*, 116 Nev. at 608, 611, 5 P.3d at 1050-51. Broad discretion is given to a dis-

trict court in calculating an award of damages, and such award will not be reversed unless there is an abuse of discretion. *Asphalt Prods. v. All Star Ready Mix*, 111 Nev. 799, 802, 898 P.2d 699, 701 (1995). A determination of reasonable expenses will be upheld if supported by substantial evidence. *Id.*

Following judgment in Small's favor, Knights filed a motion to amend judgment pursuant to NRCP 52(b) and NRCP 59(e), similarly arguing that the district court had failed to recognize its pretrial payment to Small in the amount of $40,000. The district court denied Knights' request, concluding that its award of $52,500 in compensatory damages reflected the vehicle's undisputed purchase price of $67,253.25, plus loss-of-use damages in the amount of $25,000, as offset by the $40,000 partial pretrial settlement.[4] Therefore, the record reflects that Knights' pretrial payment has already been applied as an offset to the district court's award.

We conclude the district court's award of compensatory damages is supported by substantial evidence and consistent with the testimony presented at trial. It is therefore unnecessary for us to revisit the punitive damages award because it remains within the statutory limit. NRS 42.005(1)(b).

In light of the foregoing, we affirm the district court's judgment.

DOUGLAS and GIBBONS, JJ., concur.

---

[4]Knights presents three additional challenges to the district court's compensatory damages award, arguing that loss-of-use damages (1) were not requested at trial, (2) are an improper double recovery because Small was compensated for the fair market value of the vehicle, and (3) are improper because Small disowned the vehicle at the outset of litigation.

With regard to the first argument, the record indicates that Small's complaint specifically includes consequential damages, and that the district court repeatedly confirmed prior to judgment that Small was seeking loss-of-use damages in the amount of $35 per day for the two years that Knights failed to reasonably deliver his vehicle (approximately $25,500). Knights did not object to Small's request at trial, nor did Knights challenge the district court's award of loss-of-use damages in its post-trial motion to amend judgment.

Therefore, we conclude that the remaining arguments have not been preserved for appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal."). We also note that Knights has failed to present relevant authority to support these arguments on appeal. *See* NRAP 28(a)(9)(A); *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (stating that this court need not consider arguments not cogently made or not supported by citations to salient authority). Accordingly, we do not address these arguments further.