# IN THE SUPREME COURT OF THE STATE OF NEVADA

EDWARD D. BOYACK; AND THE LAW
OFFICE OF BOYACK ORME &
ANTHONY, LLC,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JOSEPH HARDY, JR., DISTRICT
JUDGE,
Respondents,
  and
CARL THOMPSON,
Real Party in Interest.

No. 75522

FILED

APR 25 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging a district court order imposing monetary sanctions on petitioners Edward D. Boyack and the Law Office of Boyack Orme & Anthony, LLC (collectively, Boyack).

Real party in interest Carl Thompson filed a personal injury suit against Lamplight Village Homeowners Association, Boyack's client. The matter eventually went to trial; however, the district court declared a mistrial during voir dire. The district court sanctioned Boyack $91,000 for causing the mistrial by allegedly violating the district court's order precluding Boyack from discussing the "reptile brain" trial strategy with the venire.

Prior to trial, Boyack had moved in limine to preclude Thompson's counsel from making arguments that played into the jurors' fears and emotions—so-called "reptile brain" arguments—during voir dire and at trial. The district court denied the motion. However, the issue returned during voir dire when a veniremember stated that he was biased against Boyack and the defendant because he anticipated that Boyack would use "reptile brain" arguments to cloud the jury's judgment with an emotional appeal. The district court convened a bench conference in the hallway and off the record. Thompson requested the district court excuse the veniremember for cause. Boyack objected to the excusal and asked for leave to follow up on the issue with the veniremember. The district court responded, "No, we're not going down that road." It subsequently excused the veniremember and resumed voir dire.

Later during voir dire, a different veniremember initiated a question about the "reptile brain" theory. Boyack asked the venire whether anyone actually knew what the term meant, and one veniremember stated that he planned to research the term once he got home. Thompson did not object. Instead, the district court generally admonished the veniremembers against conducting outside research. Boyack responded, "I respect that, and I just wanted to ask that question. I know it's the 800-pound gorilla." Another veniremember asked Boyack whether he could "use it"—referring to the "reptile brain" theory—and whether Boyack was going to tell the venire what the term meant. Boyack responded that he would not tell the panel what the term meant even though he would have "love[d] to." Again, there was no objection. Boyack concluded his remarks and thanked the jury. The district court called for a bench conference, which was not transcribed. Once back on the record, the district court asked the parties

Supreme Court
OF
Nevada

(O) 1947A

whether, "[s]ubject to what we discussed outside the presence of the prospective jurors," they passed the panel for cause. Both parties passed the panel for cause. The district court retained a panel of 20 jurors and excused them for a short break.

After the jurors had exited the courtroom, the district court reopened the discussion on Boyack's questions on the "reptile brain" theory. Thompson's counsel explained that they overheard two jurors discussing the "reptile brain" theory and that the jurors appeared to be researching the term on their phones during an earlier break. Thompson argued that Boyack had tainted the jury panel in violation of the district court's earlier order and consequently moved for a mistrial.

The following day, and after hearing arguments from both parties, reviewing the video recording of the voir dire, and determining that a curative instruction would not remove the taint, the district court granted the mistrial. It recounted the sidebar conversation after the first veniremember introduced the "reptile brain" theory and said that it made "a comment . . . , not an order, but a comment that we don't want to go down that road, and that was a detail until it wasn't." The district court added that it was the cumulative effect of the first veniremember's comments and the follow-up discussions that obviated the need for a mistrial. And while Boyack's comments seemed fairly innocuous on their own, the court indicated that when read in context, Boyack had implied that either the court or plaintiff's counsel was hiding something.

Thompson moved for sanctions in the amount of $198,922.50 for attorney fees and costs, arguing that Boyack had intentionally caused the mistrial. Boyack opposed the court's declaration of a mistrial and Thompson's motion for sanctions, arguing, among other things, that he

 

never heard the district court say "we don't want to go down that road," and that he believed the sidebar conference pertained only to the veniremember who brought up the issue. For these reasons, he further argued that he had not intentionally caused the mistrial because his questions were innocuous, and the mistrial was based on the cumulative effect of the veniremembers' comments and actions. The district court retracted its earlier characterization of the sidebar discussion in the hallway and stated that it had given Boyack a "directive" not to discuss the "reptile brain" theory and that Boyack failed to follow this order, which amounted to misconduct. The district court granted in part and denied in part Thompson's motion for sanctions, reducing the amount of the sanctions award to $91,000. Boyack petitioned this court for a writ of mandamus.

Mandamus is used to compel a district court to act "when there is no plain, speedy, and adequate remedy at law." *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991); *see also* NRS 34.160; NRS 34.170. "[M]andamus will not lie to control discretionary action, unless discretion is manifestly abused or is exercised arbitrarily or capriciously." *Emerson v. Eighth Judicial Dist. Court*, 127 Nev. 672, 676, 263 P.3d 224, 227 (2011) (internal quotation marks omitted). Writ relief is appropriate to review a district court order sanctioning an attorney because as a nonparty in the underlying lawsuit, the attorney has no other remedy at law. *Id.*; *see also* NRS 34.170. As a nonparty in the underlying suit, Boyack has no other remedy at law. We therefore exercise our discretion to entertain this writ petition.

"[D]istrict courts have broad discretion to impose sanctions for professional misconduct at trial," including conduct that is not proscribed by statute. *Emerson*, 127 Nev. at 680, 263 P.3d at 229. Accordingly, we

review a district court's sanction order imposing attorney fees and costs for an abuse of discretion. *Id.* at 679, 263 P.3d at 229. Our jurisprudence on sanctions for attorney misconduct requires that the offending attorney know what conduct the district court is prohibiting in order to avoid a sanction. *Bayerische Motoren Werke Aktiengesellschaft v. Roth*, 127 Nev. 122, 135, 252 P.3d 649, 658 (2011); *see also* EDCR 7.60(b)(5) (requiring "notice and an opportunity to be heard" before a district court can sanction an attorney for violating a court order); *In re of Estate of Williams*, 109 Nev. 941, 943, 860 P.2d 166, 168 (1993) (holding that even where a district court is not required to make formal findings of fact and conclusion of law, it's ruling must be supported by the record for this court to sustain it on appeal); *Young v. Johnny Ribeiro Bldg., Inc.*, 106 Nev. 88, 92, 787 P.2d 777, 779 (1990) (determining that an "express oral admonition" for an attorney to comply with discovery was sufficient to support sanctions). A district court's order curtailing attorney conduct need not be formal, but it must be specific so as to "obviate the need for a contemporaneous objection," and "to make a subsequent violation clear for purposes of establishing attorney misconduct." *Bayerische*, 127 Nev. at 135, 252 P.3d at 658. While an objection during voir dire is not a motion in limine per se, it has the same effect of precluding prospective jurors from hearing certain potential arguments and evidence.

Having reviewed the petition, answer, and reply, and the record, we conclude that the district court acted arbitrarily and capriciously in sanctioning Boyack. The requirement that a district court's order curtailing an attorney's conduct be specific as to the conduct it is prohibiting applies equally during voir dire. The lack of a record memorializing the district court's "comment" or "directive" during the bench conference

seriously impairs our ability to review the district court's oral ruling. Moreover, it appears that no one was clear on what conduct the district court was trying to prohibit when it stated, "[n]o, we're not going down that road." It is also unclear, as Boyack argues, whether the district court ordered him not to continue questioning the single veniremember about the "reptile brain" theory, or whether it was a blanket prohibition on raising the topic with any veniremember. There is nothing in the record before us that definitively clarifies what the district court intended *before* it sanctioned Boyack.

To add to the confusion, the district court had previously denied without explanation Boyack's motion in limine to preclude references to the "reptile brain" theory. The district court's initial characterization of its statement as a comment and "not an order," and its later retraction thereof, further complicates our analysis. The district court also did not account for the fact that the references to the "reptile brain" theory originated with the veniremembers and were not precipitated by Boyack. For these reasons, we cannot agree that the district court's admonition was specific enough to make Boyack's subsequent comments a clear violation of an order warranting sanctions. Thus, we conclude that the district court acted arbitrarily and capriciously in sanctioning Boyack, and therefore its order granting in part and denying in part Thompson's motion for sanctions was an abuse of discretion.[1] Accordingly, we

---

[1]Given our disposition, it is not necessary to determine the merits of Boyack's remaining arguments raised in this writ petition: whether the "reptile brain" theory is a legitimate trial technique, whether Boyack preserved the issue for appeal, whether NRS 18.070(2) precludes an award of attorney fees and costs for unintentional misconduct that leads to a

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order granting in part and denying in part Thompson's motion for sanctions.

_____, J.
Hardesty

_____, J.
Stiglich

cc:    Hon. Joseph Hardy, Jr., District Judge
Boyack Orme & Anthony
Lewis Roca Rothgerber Christie LLP/Las Vegas
Claggett & Sykes Law Firm
Lasso Injury Law
Eighth Judicial District Court Clerk

---

mistrial, and whether the sanctions award of $91,000 was commensurate with the alleged misconduct.

BOYACK VS. DIST. CT. (THOMPSON)                     No. 75522

SILVER, J., dissenting:

      I respectfully dissent. I would deny petitioner's writ as I believe the district court did not abuse its discretion under these particular facts.

                           _____, J.
                           Silver