# IN THE SUPREME COURT OF THE STATE OF NEVADA

LAURENCE KAPLAN, AN
INDIVIDUAL,
Appellant,
vs.
COUNTY OF WASHOE; RENO
CELLULAR TELEPHONE COMPANY;
AND NCWPCS MPL-27 SITES TOWER
HOLDINGS, LLC,
Respondents.

No. 78832

FILED

MAY 2 9 2020

ELIZABETH A BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court final judgment in a tort action involving real property. Second Judicial District Court, Washoe County; Egan K. Walker, Judge.

Respondents Reno Cellular Telephone Company and NCWPCS MPL-27 Sites Tower Holdings, LLC (collectively the Cell Tower Respondents) built a cell tower on land neighboring appellant Laurence Kaplan's land. Respondent Washoe County inspected and approved the cell tower construction in 1999. Seven years later, Kaplan discovered that the cell tower encroached on an easement he had on the neighboring property. Seven years after that, he filed a complaint against the construction company that built the tower. And two years after that, he amended his complaint, adding Washoe County and the Cell Tower Respondents as defendants.

Respondents moved to dismiss Kaplan's complaint as time-barred, which the district court granted. The court found that Kaplan's negligence claim against Washoe County accrued when the county conducted its final inspection in 1999 and that Nevada's statutes of repose

and NRS 11.190(3)'s three-year statute of limitations thus barred his claim. The court also found that the statute of limitations barred his trespass and nuisance claims against the Cell Tower Respondents, although the court did not expressly identify when the claims accrued.

Kaplan argues that the district court erred when it concluded that his claim against Washoe County accrued in 1999 for purposes of Nevada's statutes of repose. He concedes that a claim based on negligent inspection would accrue in 1999 and thus be time-barred under such statutes, but he argues that his complaint not only alleged negligent inspection in 1999, but *also* negligence based on Washoe County's continuous failure to act once it learned about the encroachment on his easement in 2006. This continuing negligence, he argues, is actionable.

Kaplan's attempt to recast his claim against Washoe County as one of continuing negligence is unpersuasive. First, if a plaintiff could simply reframe a construction-defect claim as one for continuing negligence based on the defendant's failure to act to correct the defect, such a plaintiff could always revive a time-barred claim, thereby rendering the statutes of repose meaningless.

Next, as Washoe County notes, Kaplan's claim against it consisted of nine substantive paragraphs—eight of which were directly based on the county's inadequate inspection in 1999, and only one of which addressed the county's subsequent failure to act. In that one paragraph, which was the last substantive paragraph of his claim, Kaplan alleged that "[Washoe County] continues to be negligent in failing to take reasonable steps to enforce Plaintiff's [easement]." The paragraphs that directly preceded it, however, pertained only to the construction of the cell tower in 1999. Further, Kaplan did not allege that the county breached a duty

 

*independent of* that related to the construction of the cell tower in 1999. Thus, Kaplan's complaint does not give Washoe County fair notice that he is asserting an independent claim for continuing negligence. Rather, the gravamen of his claim was that Washoe County negligently inspected the cell tower in 1999, which, as he concedes, is time-barred under Nevada's statutes of repose.[1]

Next, Kaplan argues that the district court erred in dismissing his claims against the Cell Tower Respondents as time-barred under the applicable statute of limitations.[2] He urges us to adopt California's

---

[1]When Kaplan filed his complaint, Nevada's statutes of repose were separated into three sections based on the alleged defect. NRS 11.203-.205 (1999); *see* 1999 Nev. Rev. Stat., ch. 353, § 16, at 1444-45, § 17, at 1445, § 18, at 1445-46. We need not determine which statute applied to Kaplan's claim because even under the most generous one, which provided a twelve-year limit to file claims based on construction defects, Kaplan's 2013 complaint was time-barred.

Kaplan also argues that the district court erred when it found that his claim against Washoe County accrued in 1999 for purposes of the statute of limitations. Because we conclude that Kaplan's claim was untimely under the statutes of repose, we need not consider whether it was also untimely under the applicable statute of limitations. *See G & H Assocs. v. Ernest W. Hahn, Inc.*, 113 Nev. 265, 272 n.6, 934 P.2d 229, 233 n.6 (1997) (holding that to be actionable, a claim must be timely under *both* the statute of repose *and* the applicable statute of limitations).

[2]Kaplan also argues that the district court erred because its order did not identify the applicable statute of limitations or date of accrual. He did not move for clarification in district court, but instead seeks reversal based on this lack of clarity. Under the version of NRCP 52 effective at the time of dismissal, however, the district court was not required to state its findings or conclusions when ruling on the NRCP 12(b)(5) motion. *See* NRCP 52(a) (2005) ("Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion."). Further, the record sufficiently supports the district court's order. *See Matter of Estate of Williams*, 109 Nev. 941, 943, 860 P.2d 166, 168 (1993)

continuing-trespass and -nuisance doctrine. Under that doctrine, a trespass may be permanent or continuing. *Starrh & Starrh Cotton Growers v. Aera Energy LLC,* 63 Cal. Rptr. 3d 165, 170-71 (Ct. App. 2007). A permanent trespass claim accrues at the time of entry or encroachment, but for a continuing trespass, the statute of limitations begins anew each day until the trespass abates. *Id.* He argues that his trespass and nuisance claims were continuing in nature, so the statute of limitations has not yet accrued because the Cell Tower Respondents have not removed the cell tower.

NRS 11.190(3) provides a three-year statute of limitations for trespass and actions based on liability created by statute (e.g., nuisance under NRS 41.140).[3] It does not provide an exception for claims of a continuing nature, nor have we ever interpreted it to include such an

_____

("Where findings of fact and conclusions of law are not required by NRCP 52(a), namely, a ruling on a motion, the record must nonetheless indicate the support for the lower court's decision in order for this court to sustain the court's ruling on appeal."). Thus, the order's lack of specificity does not warrant reversal.

[3]Kaplan argues for the first time on appeal that NRS 11.220's four-year catchall statute of limitations applies to his nuisance claim. Because he did not raise this argument against the Cell Tower Respondents in district court, we decline to consider it on appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

He also argues that the discovery rule should apply to his trespass and nuisance claims. Under this rule, the statute of limitations begins to run only when the plaintiff discovers the harm. *Petersen v. Bruen*, 106 Nev. 271, 274, 792 P.2d 18, 20 (1990). We have never expressly applied the discovery rule to general trespass and nuisance claims and decline to do so here because doing so would not change the conclusion that Kaplan's claims are time-barred. He alleges that he discovered the encroachment in 2006, but he did not bring his claims until 2013, which is well beyond the statute of limitations for a nuisance or trespass claim.

exception. Although some courts have read their states' corresponding provisions to provide an exception, we decline to do so in this case because such an exception would not apply to Kaplan's trespass and nuisance claims because they are permanent, not continuous, in nature. *Compare Castelletto v. Bendon*, 13 Cal. Rptr. 907, 910 (Dist. Ct. App. 1961) (holding that a building constructed on a foundation was constructed "with no thought of moving [it] elsewhere" and was therefore permanent in nature), *with Starrh*, 63 Cal. Rptr. 3d at 174 (holding that defendant's oil production activities that caused contaminated water to migrate into plaintiff's land could feasibly be reduced or discontinued and were therefore continuous in nature). Generally, "a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 106 Nev. 271, 274, 792 P.2d 18, 20 (1990). Here, the alleged trespass and nuisance occurred in 1999, when the cell tower was completed, and thus Kaplan had until 2002 to bring his claims. Because he first filed his complaint in 2013—fourteen years after the three-year limitations period started to run—and amended it to name the Cell Tower Respondents in 2015—sixteen years after the statute of limitations period started to run—his complaint is time-barred. Accordingly, the district court did not err in dismissing his complaint against the Cell Tower Respondents for failure to state a claim. *Holcomb Condo. Homeowners' Ass'n, Inc. v. Stewart Venture*,

*LLC*, 129 Nev. 181, 186, 300 P.3d 124, 128 (2013) (holding that dismissal for failure to state a claim is appropriate where the claim is time-barred by the statute of limitations).

We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Egan K. Walker, District Judge
David Wasick, Settlement Judge
Moore Law Group, PC
Alverson Taylor & Sanders
Washoe County District Attorney/Civil Division
Washoe District Court Clerk