# IN THE SUPREME COURT OF THE STATE OF NEVADA

JSJBD CORP, D/B/A BLUE DOG'S PUB, A NEVADA CORPORATION; STUART VINCENT, AN INDIVIDUAL; JEFFREY B. VINCENT, AN INDIVIDUAL; AND JEFF WHITE, AN INDIVIDUAL, Appellants/Cross-Respondents, vs. TROPICANA INVESTMENTS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, Respondent/Cross-Appellant.

No. 80849

**FILED**

MAR 30 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal and cross-appeal from a final judgment and an order awarding attorney fees and costs in a contract action. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellants entered into a lease agreement for a tavern with respondent Tropicana Investments, LLC (Tropicana), which included options to extend the lease, without stating the amount of rent for the option period.[1] Appellants sought to exercise their second option to extend and remained on the property while negotiating terms and paying rent consistent with earlier negotiations. Twenty-seven months later, Tropicana served a thirty-day notice to quit on the basis that appellants had no enforceable option to extend and both parties filed actions. Following a bench trial, the district court found that the parties had reached an agreement and that the agreed-upon rent schedule was reasonable. The district court determined that appellants prevailed on each of their claims

---

[1]We recount the facts only as necessary for our disposition.

22-09885

and awarded attorney fees and costs. The district court also determined that Tropicana prevailed on its counterclaim regarding damages for underpayments of rent and was similarly awarded its fees and costs both as a prevailing party and under the lease agreement.[2] These appeals followed.

Appellants first argue that the district court erred when it determined the parties previously reached an agreement regarding rent.[3] We disagree. "Whether a contract exists is [a question] of fact, requiring this court to defer to the district court's findings unless they are clearly erroneous or not based on substantial evidence." *May v. Anderson*, 121 Nev. 668, 672-73, 119 P.3d 1254, 1257 (2005). Having reviewed the parties' briefs and the record on appeal, we conclude that appellants' subsequent conduct belies their position. *See Certified Fire Prot., Inc. v. Precision Constr.*, 128 Nev. 371, 378, 283 P.3d 250, 255 (2012) (providing that the terms which are material for a given situation "depends on the agreement and its context and also on the subsequent conduct of the parties, including the dispute which arises and the remedy sought") (quoting Restatement (Second) of Contracts § 131 cmt. g (1981)). There is uncontroverted evidence that the parties' counsel discussed lease terms and confirmed a rent schedule that

---

[2]Section 24 of the lease provided for attorney fees: "[i]n the event the Landlord finds it necessary to retain an attorney in connection with the default by the Tenant in any of the agreements or covenants contained in this Lease, Tenant shall pay reasonable attorney's [sic] fees to said attorney."

[3]In light of our conclusion that the district court properly determined a reasonable rental rate based on documentary evidence of the parties' intent, we need not reach appellants' argument that the district court should have determined the rent based on ascertainable market conditions.

appellants' counsel proposed in August 2016.[4] Appellants' rent payments are consistent with this schedule, and appellants provided no indication of protest for nearly three years. Thus, there was substantial evidence supporting the district court's determination that the parties previously agreed to the amount of rent and the district court did not err when it determined that an enforceable agreement existed. Accordingly, we affirm the district court's order in this regard.

Next, Tropicana asserts that the district court abused its discretion in calculating the award of damages because it incorrectly calculated the amount appellant owed. We agree. "A district court is given wide discretion in calculating an award of damages and an award will not be disturbed on appeal absent an abuse of discretion." *Asphalt Products Corp. v. All Star Ready Mix, Inc.*, 111 Nev. 799, 802, 898 P.2d 699, 701 (1995). However, we will reverse an award of damages not supported by substantial evidence. *Id.* at 801-03, 898 P.2d at 700-02. Here, the district court stated that appellants only accrued a monthly deficiency of $3,250 for four months, yielding a total amount of $13,000. However, substantial evidence in the record indicates that appellants underpaid rent and deviated from the parties' agreed-upon rent schedule from September 1, 2018, through November 2019, a period of 15 months, and that the parties agreed that rent would increase by $210 annually. The parties' agreed-upon schedule indicates that appellants accrued a monthly deficiency of $210 for

---

[4]We further conclude that appellant's argument that a letter it received from Tropicana amounted to a counteroffer is unpersuasive because Tropicana gave no indication that it disagreed or intended to continue discussions as to rent, the only remaining material term. *See Reno Club, Inc. v. Young Inv. Co.*, 64 Nev. 312, 330, 182 P.2d 1011, 1019 (1947) (determining that "until all the terms of [a] proposed lease had been negotiated, developed and agreed upon, there was no completed contract.").

a period of 11 months, followed by a $3,460 deficiency for August 2019, and then a monthly deficit of $3,670 for a subsequent period of three months, for a total deficiency of $16,780. Thus, we conclude that the district court erroneously calculated the amount of underpaid rent and abused its discretion by improperly awarding damages of $13,000. Accordingly, we reverse the portion of the judgment awarding Tropicana damages for $13,000 and remand this matter to the district court with instructions to enter judgment in Tropicana's favor for $16,780.

Finally, we turn to the awards of attorney fees and costs. Absent an abuse of discretion, a district court's award of attorney fees and costs will not be disturbed upon appeal. *Nelson v. Peckham Plaza P'ships*, 110 Nev. 23, 26, 866 P.2d 1138, 1139-40 (1994). Having reviewed the parties' arguments and the record on appeal, we conclude that the district court erred in determining that appellants were a prevailing party for purposes of NRS 18.010(2)(a) and NRS 18.020. Here, the district court declared judgment in Tropicana's favor on its breach of lease claim for $13,000, and ordered reimbursement of $4,578 to appellants. The district court, however, did not offset the awards to determine the prevailing party. *Parodi v. Budetti*, 115 Nev. 236, 241, 984 P.2d 172, 175 (1999) ("in cases where separate and distinct suits have been consolidated into one action, the trial court must offset all awards of monetary damages to determine which side is the prevailing party"). Because Tropicana received the greater net damage award of $8,422 (now $12,202), it was the prevailing party. Thus, the district court abused its discretion in awarding appellants attorney fees and costs as a prevailing party.[5] However, we conclude that

---

[5]We decline to consider whether attorney fees may be awarded to appellants as special damages related to the common area maintenance

*continued on next page...*

the district court properly determined that Tropicana was entitled to recover an award of reasonable attorney fees under NRS 18.010(2)(a) and under Section 24 of the lease because appellants had breached the lease by not making timely rent payments. *See Davis v. Beling*, 128 Nev. 301, 321, 278 P.3d 501, 515 (2012) (providing that "[p]arties are free to provide for attorney fees by express contractual provisions"). Accordingly, we conclude that the district court abused its discretion in awarding appellants attorney fees and costs, but the district court did not abuse its discretion in awarding Tropicana attorney fees and costs. Therefore, we reverse the portion of the judgment awarding appellants attorney fees and costs but affirm the portion of the judgment awarding Tropicana attorney fees and costs. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART, AND REMAND this matter to the district court for proceedings consistent with this order.[6]

_____, J.
Cadish

_____, J.
Herndon

---

(CAM) expense portion of the litigation because the district court did not award appellants attorney fees as special damages and appellants did not challenge the district court's failure to do so on appeal. *See In re Amerco Derivative Litig.*, 127 Nev. 196, 227 n.12, 252 P.3d 681, 703 n.12 (2011) (explaining that arguments not addressed in appellate briefing, are not properly before this court).

[6]In light of our decision, we do not address the parties' remaining arguments.

PICKERING, J., concurring in part and dissenting in part:

I agree with the decision to affirm the district court's award of damages for underpaid rent to Tropicana and against JSJBD and that, when calculated correctly, this award works out to $16,780 before offsetting JSJBD's compensatory damage award for overpaid common area maintenance charges (CAMs). I also agree that the district court erred in awarding both sides their full attorney fees. However, I disagree that this court is in a position to redetermine fees in the first instance and would instead vacate and remand for the district court to do so.

Under *Parodi v. Budetti*, 115 Nev. 236, 241, 984 P.2d 172, 175 (1999), it was incumbent on the district court to first "offset all awards of monetary damages to determine which side is the prevailing party," and then to determine, as a matter of discretion, whether to award that side reasonable attorney fees. Because Tropicana received the greater net damage award of $8,422 (now $12,202), it was the prevailing party under *Parodi* for purposes of deciding whether to award fees under NRS 18.010(2)(a). Thus, the district court abused its discretion in awarding JSJBD attorney fees and costs as a prevailing party under NRS 18.010(2)(a) and NRS 18.020. That said, the award of attorney fees under NRS 18.010(2)(a) is discretionary with the district court—it provides that "the court *may* make an allowance of attorney[] fees to a prevailing party . . . [w]hen the prevailing party has not recovered more than $20,000" (emphasis added), not that it *must*. With the fee award to JSJBD eliminated, we do not know and are not in a position to decide in the first instance whether, as a matter of discretion, the award of nearly full attorney fees to Tropicana would stand.

SUPREME COURT
OF
NEVADA

(O) 1947A

6

There are other loose ends for the district court to tie up as to attorney fees, too: In its decision, the district court separately determined that JSJBD was entitled to recover fees and costs related to the CAM expense portion of the litigation as "special damages," *see Sandy Valley Assocs. v. Sky Ranch Estates Owners Ass'n.*, 117 Nev. 948, 958, 35 P.3d 964, 970 (2001)(recognizing that "actions for declaratory or injunctive relief may involve claims for attorney fees as damages when the actions were necessitated by the opposing party's bad faith conduct"), *overruled on other grounds by Horgan v. Felton*, 123 Nev. 577, 586, 170 P.3d 982, 988 (2007), and that Tropicana had a separate basis on which to recover fees under section 24 of the lease agreement.[1] But because the district court awarded JSJBD the whole of its attorney fees under NRS 18.010(2)(a), it did not address Tropicana's opposition to a partial award of fees as special damages under *Sandy Valley* and its progeny. Nor did the court decide, if the fees associated with the CAM claim were recoverable as special damages, what their amount would be. Although the majority faults JSJBD for not separately appealing this sub-issue, it had no need to do so—JSJBD won the whole of its fees in district court and was entitled to defend Tropicana's cross-appeal as to its fees both in whole and in part.

The district court also gave short shrift to JSJBD's objection to Tropicana claiming the whole of its attorney fees under paragraph 24 of the lease. *But see* 1 Stuart M. Speiser, *Attorneys' Fees* § 9:11 (3d ed. Supp. 2021) (noting that "fee-shifting provisions in contracts will be strictly construed,

---

[1]Section 24 of the lease provided for attorney fees: "[i]n the event the Landlord finds it necessary to retain an attorney in connection with the default by the Tenant in any of the agreements or covenants contained in this Lease, Tenant shall pay reasonable attorney's [sic] fees to said attorney."

SUPREME COURT
OF
NEVADA

(O) 1947A

7

and that a contract must expressly permit the recovery of attorneys' fees in the pertinent circumstance in order for such fees to be recovered. For example, a stipulation for payment of attorneys' fees in an instrument has been held to relate only to collection for default on the instrument, and will not be implemented in other controversies between the parties.") (footnotes omitted); *cf. Pandelis Const. Co. v. Jones-Viking Assocs.*, 103 Nev. 129, 131 n.3, 734 P.2d 1236, 1238 n.3 (1987) (construing attorney fee clause in a contract literally, not expansively). While I reject JBSJD's argument that Tropicana had to prevail on all claims to recover under section 24 of the lease, I am not convinced that section 24 authorized the award of all of the fees Tropicana incurred in this case.

The district court's error in awarding full attorney fees to both sides left these and related issues unanswered. Rather than undertake this fact-intensive analysis in the first instance on appeal, I would vacate and remand as to the fee and cost awards, and to that extent, I respectfully dissent.

_____*Pickering*_____, J.
Pickering

cc: Chief Judge, Eighth Judicial District Court
Jay Young, Settlement Judge
Lovato Law Firm, P.C.
Marquis Aurbach Coffing
Eighth District Court Clerk