UNIONAMERICA MORTGAGE AND EQUITY TRUST, a California Real Estate Investment Trust, Now Known as THE UMET TRUST, Appellant, v. JOSEPH F. McDONALD, Jr.; YOUNG ELECTRIC SIGN COMPANY, a Foreign Corporation, Respondents.

No. 12117

April 10, 1981          626 P.2d 1272

*Howard L. Cunningham, Esq.,* Reno, for Appellant.

*Hale, Lane, Peek, Dennison and Howard; Gregg W. Zive, Esq.,* Reno, for Respondent Joseph F. McDonald, Jr.

*Johnson, Belaustegui and Robison,* Reno, for Respondent Young Electric Sign Company.

## OPINION

*Per Curiam:*

Respondent Young Electric Sign Company commenced this action against respondent Joseph F. McDonald, Jr. seeking a judgment under a liquidated damage clause contained in an electric sign lease agreement between Young and McDonald.

McDonald answered the complaint and then filed a third-party complaint against appellant Unionamerica Mortgage and Equity Trust seeking indemnification for any judgment Young might be awarded against McDonald. After a trial on the merits, the court below entered a $28,946.02 judgment against Union.[1] We reverse.

McDonald obtained a loan from Union to build the Centennial Square Shopping Center. The loan was secured by a deed of trust covering the Center. Later, McDonald signed an eight-year agreement with Young to lease a pylon pole and an electric sign which were erected on the property. McDonald defaulted on his loan to Union. In lieu of foreclosing on *its* deed of *trust*, Union accepted from McDonald a grant, bargain and sale deed covering the Center.

The issues in this appeal are (1) whether Union assumed the obligations under the Young lease when it received the deed for the Center from McDonald, and (2) whether Young may recover damages for the unjust enrichment of Union: the sign remained on the property for at least two years after the Center was deeded to Union.

1. The trial court held that Union "impliedly contracted to assume all of the obligations of the Centennial Square Shopping Center". The court supported this conclusion with the factual finding that Union intended to "assume" the obligations of the Center.

A finding of fact may not be put aside unless clearly erroneous. NRCP 52(a); Kockos v. Bank of Nevada, 90 Nev. 140, 520 P.2d 1359 (1974). The United States Supreme Court has defined the clearly erroneous standard under FRCP 52(a):

"A finding is 'clearly erroneous' when although there is

---

[1]The damage award was determined in accordance with the liquidated damage clause of the lease that fixed such damages at 75 percent of the total remaining unpaid rentals.

evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Gypsum Co., 333 U.S. 364, 395 (1948).

In the case at bar, there is no evidence supporting the finding of an assumption of the lease by Union. The testimony of McDonald indicates that the first discussion he had with Union regarding the sign occurred after he had deeded the Center to Union on September 13, 1974. The only lease payments made were in September and October, 1974. The second payment was made by McDonald on October 8, 1974, *after* he had deeded the Center to Union. Viewing the entire evidence before us, we are "left with the definite and firm conviction that mistake has been committed", United States v. Gypsum Co., *supra*. The conclusion that Union assumed the obligations under the Young lease cannot rest on a factual finding which is clearly erroneous. Accordingly, Union is not liable for liquidated damages as provided in the lease contract.

2. The trial court also concluded that "UMET (Union) would be unjustly enriched because it received the benefit of the sign without having to pay for such benefit."

The terms "restitution" and "unjust enrichment" are the modern counterparts of the doctrine of quasi-contract. Smith v. Smith, 511 P.2d 294 (Idaho 1973). The purpose of quasi-contractual relief is to do justice to the parties regardless of their intention. Trollope v. Koerner, 470 P.2d 91 (Ariz. 1970).

> "The essential elements of quasi contract are a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." Dass v. Epplen, 424 P.2d 779, 780 (Colo. 1967).

Unjust enrichment occurs when ever a person has and retains a benefit which in equity and good conscience belongs to another. L & A Drywall, Inc. v. Whitmore Const. Co. Inc., 608 P.2d 626 (Utah 1980).

In the instant case, appellant received the property with the sign on it. Union's officials informed Young that the sign was of no interest to Union and that Young could remove the sign at Young's pleasure. Union also advised Young it would not

make the monthly payments under the sign lease. Nothing prevented Young from removing the sign immediately; their lease allowed removal of the sign upon breach of the agreement. We find no facts supporting a judgment against Union predicated upon a theory of unjust enrichment.

Since the record will not support the court's finding that Union either assumed the McDonald-Young lease agreement or that Union was unjustly enriched, we must reverse the judgment below. It is so ordered.