OPINION
 

 Per Curiam:
 

 Appellant Hilton Hotels Corporation initiated this action against respondents Butch Lewis Productions, Inc. (“BLP”),
 
 *1045
 
 Butch Lewis, Michael Spinks, Dynamic Duo, Inc. (“Duo”), Dennis Rappaport, and Gerry Cooney for claims involving breach of contract, conspiracy to interfere with contract and intentional interference with contractual relations. After a jury verdict in favor of respondents, Hilton appealed. This court issued an opinion which contains a full recital of the facts.
 
 See
 
 Hilton Hotels v. Butch Lewis Productions, 107 Nev. 226, 808 P.2d 919 (1991)
 
 (Hilton I).
 
 Following remittitur, the claims against all parties except BLP, Lewis and Duo were dismissed on motions for summary judgment. The district court then issued a “final judgment” adverse to Hilton dismissing with prejudice defendants Spinks, Cooney and Rappaport, and also dismissing with prejudice Hilton’s tort claims and claim for punitive damages; the judgment also expressed uncertainty with respect to the meaning and effect of this court’s opinion in
 
 Hilton I.
 

 [1]
 

 The referenced final judgment forms the basis for this appeal.
 

 FACTS
 

 This is Hilton’s second effort on appeal to resuscitate its claims for damages against BLP, Lewis, Spinks, Duo, Rappaport, and Cooney for loss of the opportunity to present a world heavyweight bout between Spinks and Mike Tyson at the Las Vegas Hilton in May of 1987.
 

 Hilton’s complaint originally alleged three causes of action: (1) breach of contract; (2) conspiracy to interfere with contract; and (3) intentional interference with contract. The first trial on these claims resulted in a jury verdict in favor of all defendants indicating that there was no breach of contract. In Hilton’s appeal from the judgment entered pursuant to that verdict, we concluded that the district court erred in disallowing rebuttal testimony from then Nevada Athletic Commission Chairman Duane Ford. More importantly, we reversed and remanded the action “for a new trial on Hilton’s claim for breach of the implied covenant of good faith and fair dealing.”
 
 See
 
 Hilton Hotels v. Butch Lewis Productions, 107 Nev. 226, 237, 808 P.2d 919, 925 (1991). Thereafter, Hilton petitioned for rehearing or clarification of our opinion to
 
 *1046
 
 make clear Hilton’s right to pursue its tort claims upon retrial of the action. We denied rehearing without clarification. Hilton also sought relief from the district court’s rulings by filing an original petition for writ of mandamus which we denied without comment.
 

 Upon remittitur, Cooney, BLP, Lewis, Spinks and Rappaport moved for summary judgment. The district court granted summary judgment as to all parties except BLP, Duo and Lewis. Hilton also filed a motion to amend its complaint which was denied against all parties except BLP, Lewis and Duo (the only remaining parties). On June 10, 1992, the district court denied Hilton’s second motion to amend. Then, as mentioned above, the district court dismissed the action against all parties with the exception of BLP, Lewis and Duo, and dismissed Hilton’s tort claims and claim for punitive damages. All dismissals were with prejudice and the final judgment reflected uncertainty as to the meaning and effect of this court’s opinion in
 
 Hilton I.
 

 DISCUSSION
 

 In
 
 Hilton I,
 
 we reversed in part the judgment against Hilton and remanded the action to the district court for a new trial on Hilton’s claim for breach of the implied covenant of good faith and fair dealing.
 
 See Hilton,
 
 107 Nev. at 237, 808 P.2d at 925. Respondents contend that our ruling in
 
 Hilton I
 
 precludes further litigation against any party not privy to the Hilton/Duo contract and forecloses the pursuit of any of the former claims other than that of the alleged breach of the implied covenant of good faith and fair dealing. We are unable to categorically agree.
 

 It is well established within Nevada that every contract imposes upon the contracting parties the duty of good faith and fair dealing.
 
 See
 
 A.C. Shaw Construction v. Washoe County, 105 Nev. 913, 914, 784 P.2d 9, 9-10 (1989); Ainsworth v. Combined Ins. Co. of America, 104 Nev. 587, 592 n.1, 763 P.2d 673, 676 (1988),
 
 cert. denied,
 
 493 U.S. 958 (1989) (covenant applies to every commercial contract). Moreover, it is recognized that a wrongful act which is committed during the course of a contractual relationship may give rise to both tort and contractual remedies. Tameny v. Atlantic Richfield Co., 610 P.2d 1330, 1334 (Cal. 1980). More specifically:
 

 [t]he duty not to act in bad faith or deal unfairly thus becomes a part of the contract, and, as with any other element of the contract, the remedy for its breach generally is on the contract itself. (Citation omitted.) In certain cir
 
 *1047
 
 cumstances, breach of contract, including breach of the covenant of good faith and fair dealing, may provide the basis for a tort claim.
 

 Wagenseller v. Scottsdale Memorial Hosp., 710 P.2d 1025, 1038 (Ariz. 1985).
 

 In
 
 Hilton I,
 
 we affirmed the jury’s determination that the express terms of the Hilton/Duo contract were not breached; however, we concluded that because the trial court had erroneously excluded potentially crucial rebuttal testimony sought to be introduced by Hilton, the matter had to be reversed in part and remanded for a new trial on Hilton’s claim for breach of the implied covenant of good faith and fair dealing. 107 Nev. at 232, 808 P.2d at 922-23. A determination by the jury that the implied covenant was breached will give rise to an award of contract damages.
 
 Id.
 
 at 232-33, 808 P.2d at 923.
 

 Despite our ruling in
 
 Hilton I
 
 limiting the contract action to a claim of breach of the implied covenant of good faith and fair dealing, at no point did we conclude or imply that Hilton’s tort claims could not be pursued. The gravamen of Hilton’s claim is that it entered into a contract for the ultimate purpose of producing a unified heavyweight champion in a culminating match at the Hilton, and that the purpose of the contract was frustrated by deliberate maneuvering to secure more lucrative matches outside the Unification Series scheduled to take place at the Hilton.
 

 In
 
 Hilton I
 
 we stated:
 

 Bad faith on the part of Lewis
 
 and others
 
 could have deprived Hilton of benefits it would have received had it not been for Lewis’ pulling Spinks out of the Unification Series so as to make “big money” elsewhere. Proof of what Lewis said and did in this regard is critical to the prosecution of
 
 this aspect
 
 of Hilton’s case.
 

 107 Nev. at 235, 808 P.2d at 924 (emphasis supplied).
 

 It is apparent that Lewis would have had great difficulty exercising bad faith to the point of breaching the implied covenant of good faith and fair dealing without the cooperation of others. Although the written contract was between Duo and Hilton, it is most unlikely that arrangements for circumventing the Unification Series and producing matches of greater profit and appeal outside the Series could have materialized solely through the dictates of Lewis. If Hilton is able to prove that the implied contractual covenant of good faith and fair dealing was breached,
 
 *1048
 
 the jury will then be free to also determine whether the breach resulted from tortious acts of conspiracy and interference involving the other named defendants. Hilton is therefore entitled to reinstate its tort claims against the former defendants; however, any recovery on such claims would be subject to a threshold determination by the trier of fact that there was a breach of the implied covenant of good faith and fair dealing.
 

 We have previously addressed the elements of causes of action for civil conspiracy and intentional interference with contractual relations. In Sutherland v. Gross, 105 Nev. 192, 196, 772 P.2d 1287, 1290 (1989), we held that:
 

 An actionable conspiracy consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts. Collins v. Union Fed. Savings & Loan, 99 Nev. 284, 303, 662 P.2d 610, 622 (1983). To establish intentional interference with contractual relations, the plaintiff must show: (1) a valid and existing contract; (2) the defendant’s knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage. Ramona Manor Convalescent Hosp. v. Care Ent., 225 Cal.Rptr. 120, 124 (Ct.App. 1986).
 

 We, of course, take no cognizance of the merits of Hilton’s claims and the quantity or quality of Hilton’s evidentiary support for seeking to impose liability against any of the present or former defendants. It is clear, however, that Hilton has alleged causes of action both in contract and tort. Although
 
 Hilton I
 
 affirmed the jury’s determination that the express terms of the contract between Hilton and Duo were not breached, we recognized that “[wjhere the terms of a contract are literally complied with but one party to the contract deliberately countervenes [sic] the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing.” 107 Nev. at 232, 808 P.2d at 922-23.
 

 As observed previously, Hilton contends that the alleged breach of the implied covenant is the result of a conspiracy between Lewis and various non-parties to the contract who stood to benefit from cooperating with Lewis in undermining and circumventing the intended purpose of the Unification Series.
 

 We impliedly concluded in
 
 Hilton I
 
 that although the contract did not require the participation of Spinks in the final contest (perhaps because Duo could not have guaranteed that Spinks
 
 *1049
 
 would win his bouts leading up to the unification match), Duo was at least obligated to refrain from any conduct designed to assure the absence of Spinks in the final match. Moreover, Duo was at least impliedly precluded from committing any other act that would undermine the good faith expectations of the parties in securing the contenders necessary to produce legitimate contests that would culminate in a bout for the undisputed heavyweight title. Anyone who intentionally conspired and acted with Duo or Lewis to remove Spinks from the Unification Series or otherwise promote matches that were contrary to the intendment of the parties under the Hilton/Duo contract in order to reap greater financial dividends at Hilton’s expense could be held liable in tort.
 

 Based upon the foregoing, it should be evident that upon retrial, if the jury determines that the implied covenant of good faith and fair dealing has been breached, the jury may also consider whether the evidence supports Hilton’s claims for relief under its tort claims.
 

 In view of our disposition of this matter, it is unnecessary to address other issues raised on appeal. For the reasons discussed above, the judgment of the district court dismissing parties and tort claims from Hilton’s action is reversed. If Hilton’s threshold claim and tort claims survive jury scrutiny, Hilton may, depending upon an express finding of satisfaction of the statutory requisites, also seek an award of punitive damages.
 
 [2]
 

 This matter is remanded to the district court for a new trial on Hilton’s claim for breach of the implied covenant of good faith and fair dealing in addition to the tort claims and the claim for punitive damages if the circumstances outlined in this opinion so warrant.
 
 [3]
 

 Steffen, Springer and Shearing, JJ., and Zenoff, Sr. J., concur.
 

 [1]
 

 The district court’s judgment does not resolve all claims against all parties. Nevertheless, without citing NRCP 54(b), the district court made an express determination that there was no just reason for delay in entering a final judgment with respect to the matters resolved by its judgment, and expressly directed the entry of a final judgment. We construe the district court’s order as a certification of finality with respect to the matters resolved pursuant to NRCP 54(b). Further, the certification appears proper in all respects.
 
 See
 
 Hallicrafters Co. v. Moore, 102 Nev. 526, 728, P.2d 441 (1986), and Mallin v. Farmers Ins. Exchange, 108 Nev. 788, 839 P.2d 105 (1992).
 

 [2]
 

 Nothing in this opinion is to be interpreted as an indication of this court’s view of the merits of Hilton’s claims, including its claim for punitive damages.
 

 [3]
 

 The Honorable Cliff Young, Justice, did not participate in the decision of this appeal. The Honorable David Zenoff, Senior Justice, was appointed to sit in place of The Honorable Robert E. Rose, Chief Justice.