An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TIMOTHY FASANO; AND REBECCA LYNN FASANO, HUSBAND AND WIFE,<br>Appellants,<br>vs.<br>THE HONORABLE DAVID A. HUFF, CHURCHILL COUNTY DISTRICT COURT JUDGE; THE HONORABLE LEON ABERASTURI, CHURCHILL COUNTY DISTRICT COURT JUDGE; NEVADA COMMISSION ON JUDICIAL DISCIPLINE; THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER/RENO; CHRISTIAN-KRAVITZ, LLC; AND JAMES F. SLOAN,<br>Respondents. | No. 60780<br><br>**FILED**<br><br>JUN 1 4 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY _____<br>DEPUTY CLERK |

### *ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order dismissing appellant's complaint. Tenth Judicial District Court, Churchill County; Robert E. Rose, Judge.

Appellants were plaintiffs in actions before respondent Judge David A. Huff from 2007 to 2009 and before respondent Judge Leon Aberasturi in 2010. The litigation in the cases ended adversely to appellants. Afterwards, appellants discovered that certain opposing attorneys in those cases had donated to Judge Huff's or Judge Aberasturi's reelection campaigns. Based on the campaign contributions, appellants filed a motion to disqualify Judge Huff and later filed a complaint against Judges Huff and Aberasturi with the Nevada Commission for Judicial Discipline. After their motion to disqualify Judge Huff was denied and the

13-17606

Commission declined to take action against the judge, appellants filed the underlying lawsuit alleging various tort causes of action. All respondents moved to dismiss appellants' complaint, and the district court granted the motions to dismiss and awarded costs and attorney fees to the Commission. Appellants appeal.

"A district court order granting an NRCP 12(b)(5) motion to dismiss is subject to rigorous appellate review." *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 125 Nev. 818, 823, 221 P.3d 1276, 1280 (2009). When reviewing a motion to dismiss, this court accepts the factual allegations in the complaint as true and draws reasonable inferences in favor of the plaintiffs, "but the allegations must be legally sufficient to constitute the elements of the claim asserted." *Id.*

Parties cannot collaterally attack the conduct of judges in one action by filing a separate action; the judge is immune from suit. *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 346-47 (1871); *Duff v. Lewis*, 114 Nev. 564, 568-69, 958 P.2d 82, 85 (1998). Judicial immunity also applies to the Commission when it acts in furtherance of its official functions. NRS 1.465; *Whitehead v. Nev. Comm'n on Judicial Discipline*, 110 Nev. 128, 159-60, 906 P.2d 230, 249-50 (1994); *see also Butz v. Economou*, 438 U.S. 478, 511-12 (1978); *Salman v. Nev. Comm'n on Judicial Discipline*, 104 F. Supp. 2d 1262, 1267 (2000). Thus, we conclude that Judges Huff and Aberasturi and the Commission are immune from suit and were properly dismissed from this case.

As to the respondent attorneys and law firms, appellants failed to state a claim against them. The Nevada Rules of Professional Conduct (NRPC) do not provide a duty of disclosure of campaign contributions to opposing parties or a private right of action against

attorneys for alleged violations of the professional conduct rules. NRPC 1.0A(d); NRPC 3.3-3.4; *Mainor v. Nault*, 120 Nev. 750, 768-69, 101 P.3d 308, 320-21 (2004). Moreover, appellants' tort and fraud claims are based solely on unspecified campaign contributions and do not adequately state a claim for the relief sought by appellants.[1] *See* NRCP 9(b) (requiring allegations of fraud be pleaded with specificity); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928 (1982) (requiring state action for claims asserting violations of 42 U.S.C. § 1983); *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 109 Nev. 1043, 1048, 862 P.2d 1207, 1210 (1993) (setting forth the elements of intentional interference with contract claims); *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 447, 956 P.2d 1382, 1386 (1998) (requiring extreme and outrageous conduct for intentional infliction of emotional distress and a false misrepresentation for fraudulent misrepresentation); *Dow Chem. Co. v. Mahlum*, 114 Nev. 1468, 1486, 970 P.2d 98, 110 (1998) (requiring a duty to disclose for fraudulent concealment); *Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety*, 121 Nev. 44, 75, 110 P.3d 30, 51 (2005) (requiring an underlying fraud as a predicate to conspiracy to commit fraud), *abrogated on other grounds by Buzz Stew, LLC v. City of N.*

---

[1]According to the respondent attorneys and law firms, they made campaign contributions of approximately $250 to the respondent judges. Such contributions are not excessive and did not require disqualification. *Ivey v. Eighth Judicial Dist. Court*, 129 Nev. ___, 299 P.3d 354 (2013) (addressing *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009)); *see also City of Las Vegas v. Eighth Judicial Dist. Court*, 116 Nev. 640, 644-45, 5 P.3d 1059, 1062 (2000) (holding that campaign contributions in a state that elects its judges are a necessary blight and may not be allowed to unduly inhibit the function of the judiciary, and "a contribution to a presiding judge by a party or an attorney does not ordinarily constitute grounds for disqualification").

*Las Vegas*, 124 Nev. 224, 181 P.3d 670 (2008). Thus, appellants have failed to demonstrate that the attorneys' failure to disclose campaign contributions to Judges Huff or Aberasturi may form the basis of a collateral tort action and, therefore, the district court properly dismissed the causes of action against the attorneys and law firms.

With regard to appellant's motion to amend the complaint, such a motion is addressed to the district court's discretion and, in light of the above discussion, we perceive no abuse of discretion in the district court's denial of appellants' motion to amend their complaint. *State, Univ. & Cmty. Coll. Sys. v. Sutton*, 120 Nev. 972, 988, 103 P.3d 8, 19 (2004). With regard to the attorney fees and costs award to the Commission, NRS 18.010(2)(b) permits an award of attorney fees to the prevailing party to punish and deter frivolous or vexatious claims, and NRS 18.020 permits an award of costs to the prevailing party. Having reviewed appellants' arguments and the record, we conclude that the district court acted within its discretion when awarding attorney fees and costs. *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 95, 127 P.3d 1057, 1066 (2006); *Schwartz v. Estate of Greenspun*, 110 Nev. 1042, 1050, 881 P.2d 638, 643 (1994). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Chief Judge, the Tenth Judicial District
Hon. Robert E. Rose, Senior Justice
Rebecca Lynn Fasano
Timothy Fasano
Kravitz, Schnitzer, Sloane & Johnson, Chtd.
Attorney General/Carson City
James F. Sloan
Woodburn & Wedge
Lemons, Grundy & Eisenberg
Churchill County Clerk