**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| TONY PEROULIS, | No. 12-15147 |
| Plaintiff - Appellee, | D.C. No. 2:07-cv-00284-JCM-CWH |
| v. | |
| ZACHARY APOLLO KRISTON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Zachary Apollo Kriston appeals pro se from the district court's summary judgment against him in plaintiff's diversity action alleging, among other claims, embezzlement, breach of contract, breach of the covenant of good faith and fair

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument, and therefore, denies Kriston's request for oral argument. *See* Fed. R. App. P. 34(a)(2).

dealing, and alter ego liability. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001), and we affirm.

The district court properly granted summary judgment on plaintiff's embezzlement claim because Kriston failed to raise a genuine dispute of material fact as to whether he misappropriated funds for his own personal use that plaintiff entrusted to him for investment in a proposed business venture.

The district court properly granted summary judgment on plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing because Kriston failed to raise a triable dispute as to whether the parties entered into valid contracts that imposed obligations with whose letter and spirit Kriston failed to comply, causing plaintiff damage. *See Hilton Hotels v. Butch Lewis Prods., Inc.*, 862 P.2d 1207, 1209 (Nev. 1993) (per curiam) (elements breach of the duty of good faith and fair dealing claim); *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987) (per curiam) (elements of breach of contract claim).

The district court properly granted summary judgment on plaintiff's alter ego liability claim because Kriston failed to raise a triable dispute as to whether Kriston lacked a controlling interest in the two entities through which he solicited funds for investment in the business venture at issue, and whether the corporate

form was abused to hide money and avoid liabilities. *See LFC Mktg. Group, Inc. v. Loomis*, 8 P.3d 841, 845-46 (Nev. 2000) (per curiam) (discussing piercing the corporate veil and "reverse" piercing based on alter ego liability).

Kriston's contentions regarding the need for more discovery, and with respect to plaintiff's alleged fraud against him, fraud on the court, and abuse of process are unpersuasive.

Kriston's requests for disqualification of plaintiff's counsel, to strike plaintiff's supplemental excerpts of records, and to reinstate his mandamus petition, set forth in his reply brief, are denied.

Kriston's motion for judicial notice is granted. *See* Fed. R. Evid. 201.

Plaintiff's motion for judicial notice, set forth in his answering brief, is granted. *See id*.

**AFFIRMED.**