**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GARY WILLIAMS; NIDENIA WILLIAMS, individually and as husband and wife,

Plaintiffs - Appellants,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant - Appellee.

No. 12-16294

D.C. No. 2:09-cv-00675-KJD-VCF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted November 18, 2014[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: GOULD and WATFORD, Circuit Judges, and MARTINEZ, District Judge.[***]

This appeal arises from an under insured motorist ("UIM") coverage dispute between Gary and Nidenia Williams and their insurance company American Family Mutual Insurance Company. Appellants Gary and Nidenia Williams appeal the district court's order on May 3, 2012 (1) granting American Family's motion for summary judgment on their claims of bad faith, violation of the Unfair Claims Practices Act, lost wages, emotional distress, and punitive damages; and (2) denying Appellants' counter motion for summary judgment on the liability of American Family for Gary Williams' hip injury, equitable estoppel, and waiver. Appellants also appeal the district court's order denying their motion to reconsider or set aside the court's summary judgment order on May 3, 2012. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. Appellants contend that the district court erred in granting American Family's motion for summary judgment on their bad faith claim. We review the district court's decision to grant summary judgment *de novo*. *Del. Valley Surgical Supply, Inc. v. Johnson & Johnson*, 523 F.3d 1116, 1119 (9th Cir. 2008). Summary judgment is proper if viewing the evidence in the light most favorable to

---

[***] The Honorable Ricardo S. Martinez, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

2

the nonmoving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In Nevada, "every contract imposes upon the contracting parties the duty of good faith and fair dealing." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 862 P.2d 1207, 1209 (Nev. 1993). "To establish a prima facie case of bad-faith refusal to pay an insurance claim, the plaintiff must establish that the insurer had no reasonable basis for disputing coverage, and that the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." *Powers v. United Servs. Auto. Ass'n*, 962 P.2d 596, 604 (Nev. 1998).

Here, American Family acted reasonably under the UIM policy. It had a reasonable basis for denying Nidenia Williams' UIM claim on the grounds that she was adequately compensated by receiving a medical payment of $4,122 from American Family and a settlement of $6,500 from the tortfeasor's insurance carrier. American Family also had a reasonable basis for contesting Gary Williams' UIM claim that his hip injury was caused solely by the automobile accident, because various doctors' reports and testimonies showed his hip injury was a pre-existing condition, resulting from college sports.

2. Appellants next contend that American Family violated the Nevada Unfair Claims Practices Act, NEV. REV. STAT. § 686A.310, because it

3

unreasonably delayed claim processing.  Nevada statutes prohibit insurance companies from engaging in unfair practices when handling insurance claims.  NEV. REV. STAT. § 686A.310.  Here, Appellants did not make a sufficient showing of any unfair practices by American Family.  Appellants made their first formal UIM demand on October 29, 2008 and filed suit against American Family thirteen weeks later.  A thirteen-week delay is not an unreasonable delay that violates the Unfair Claims Practices Act.  *See Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d 1223, 1238 (D. Nev. 2010).  Also, some delay was caused by Appellants' counsel failing to provide American Family readable medical records.  Weighing the evidence in the light most favorable to Appellants, who produced no evidence of American Family's unfair practices, the district court did not err in granting American Family's motion for summary judgment on Appellants' unfair practices claim.

3.  The district court properly granted American Family's motion for summary judgment on Appellants' claims of lost wages and emotional distress, because Appellants did not show that they suffered from lost wages or emotional damages.  In contrast, American Family produced letters from Appellants' employers showing that Appellants did not miss any time at work as a result of the accident, and Appellants testified in their depositions that they did not suffer from

4

any emotional damages. The district court also properly granted American Family's motion for summary judgment on Appellants' claim of punitive damages, because Appellants did not show that American Family's conduct constituted oppression, fraud, or malice. *See* NEV. REV. STAT. § 42.005.

4. Appellants next contend that the district court erred in denying their counter motion for summary judgment on Gary Williams' hip injury, equitable estoppel, and waiver. We disagree. First, American Family produced doctors' reports and testimonies showing Gary Williams' pre-existing condition and creating a genuine factual dispute on whether his hip injury was caused solely by the automobile accident.

Second, Appellants did not show that American Family satisfied any of the four elements required for the application of equitable estoppel. *Cheqer, Inc. v. Painters & Decorators Joint Comm., Inc.*, 655 P.2d 996, 998–99 (Nev. 1982). American Family was not aware of Gary Williams' pre-existing condition when it made medical payments, and did not intend that its medical payments be interpreted as its commitment to cover Appellants' UIM claims. Appellants also did not show any detrimental reliance or a change of position.

Third, American Family did not waive its defense on the denial of UIM coverage. Waiver requires an "intentional relinquishment of a known right," and

5

an effective waiver "must occur with full knowledge of all material facts." *Thompson v. N. Las Vegas*, 833 P.2d 1132, 1134 (Nev. 1992). Nothing in the record established or suggested that American Family intended to relinquish its right to deny or contest Appellants' UIM coverage.

5. Appellants finally contend that the district court erred in denying their motion to reconsider or set aside the court's May 3, 2012 summary judgment order, because it discovered a claims manual that constituted newly discovered evidence. We review the district court's denial of the motion to reconsider for abuse of discretion. *Sch. Dist. No. 1J, Multnomah Cnty. v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). To be relieved from a final order granting summary judgment, the party seeking relief must show that there is newly discovered evidence within the meaning of Rule 59, that the party seeking relief exercised due diligence to discover the evidence, and that "the newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987). Here, the claims manual is not newly discovered evidence, because Appellants had possession of the manual five weeks before entry of summary judgment. *See, e.g.*, *Feature Realty, Inc. v. Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003); *Coastal Transfer*, 833 F.2d at 212. Appellants

6

also did not show that the manual is "of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Id.* at 211. The district court did not abuse its discretion in denying Appellants' motion to reconsider or set aside the court's May 3, 2012 summary judgment order.

**AFFIRMED.**