**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VESTED HOUSING GROUP, LLC, an Arizona limited liability company; HENDERSON LOFTS DEVCO, LLC, an Arizona limited liability company, | No. 14-15168 |
| | DC No. CV 13-1643 RCJ |
| Plaintiffs - Appellants, | MEMORANDUM[*] |
| v. | |
| PRINCIPAL REAL ESTATE INVESTORS, LLC, a Delaware limited liability company; HENDERSON APARTMENT VENTURE, LLC, a Delaware limited liability company; PRINCIPAL LIFE INSURANCE COMPANY, an Iowa corporation; PRINCIPAL U.S. PROPERTY SEPARATE ACCOUNT, an unknown business entity, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Senior District Judge, Presiding

Argued and Submitted February 12, 2016

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

San Francisco, California

Before:      TASHIMA and W. FLETCHER, Circuit Judges and BASTIAN,** District Judge.

Plaintiffs-Appellants Vested Housing Group, LLC ("VHG") and Henderson Lofts Devco, LLC ("HLD") appeal the district court's order granting Defendants-Appellees Principal Real Estate Investors, LLC ("PREI"), Henderson Apartment Venture, LLC ("HAV"), Principal Life Insurance Co. ("PLIC"), and Principal U.S. Property Separate Account's ("PUSPSA") motion to dismiss. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.

In June 2007, VHG entered into a contract with HAV, pursuant to which HLD (VHG's wholly owned subsidiary) would develop real property in Nevada. HAV agreed to purchase this property once development was complete. HAV also warranted in the agreement that it was a valid Iowa corporation and that it was authorized to enter into the contract. PREI, with which HAV shared a parent company (PLIC), signed the agreement on behalf of HAV. HLD financed the transaction with a loan from Wachovia Bank. PLIC guaranteed the loan.

---

** The Honorable Stanley Allen Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

Contrary to Defendants' representations, HAV was not actually incorporated until October 2008. Unrelatedly, in November 2008, HLD defaulted on its loan payments to Wachovia Bank. PLIC then repurchased the loan from Wachovia and assigned the property to HAV, which foreclosed on the property in August 2009.

In April 2013, Plaintiffs sued Defendants for their misrepresentations regarding the date of HAV's incorporation. Defendants moved to dismiss under Federal Rules of Civil Procedure 9(b) and 12(b)(6). The district court granted their motion based on Plaintiffs' failure to allege adequately that Defendants' misrepresentation proximately caused their damages. The district court did not grant Plaintiffs leave to amend their complaint. Plaintiffs now appeal.

## II.

We review a district court's ruling on a motion to dismiss *de novo*, taking into consideration "only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 850 (9th Cir. 2012) (quoting *W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 975–76 (9th Cir. 2012)). The Court "accept[s] as true all well-pleaded factual allegations and construe[s] them in the light most favorable to the plaintiff." *Id.* We may affirm "on any ground supported by the record." *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

3

To survive a motion to dismiss under Rule 12(b)(6), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need not contain detailed factual allegations to survive a motion to dismiss, but a plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* A plaintiff must provide the court with "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**III.**

Plaintiffs asserted five causes of action under Nevada law in their complaint: (1) intentional misrepresentation or fraud, (2) negligent misrepresentation, (3) intentional interference with prospective economic advantage, (4) unjust enrichment, and (5) civil conspiracy. Plaintiffs have failed to state any plausible claim to relief.

To state a claim for intentional misrepresentation, negligent misrepresentation, or intentional interference with prospective economic advantage under Nevada law, Plaintiffs must allege that Defendants' misrepresentation proximately caused their damages. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007) (listing elements of intentional misrepresentation claim); *Barmettler v. Reno*

4

*Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998) (listing elements of negligent misrepresentation claim); *Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 971 P.2d 1251, 1255 (Nev. 1998) (quoting *Leavitt v. Leisure Sports Inc.*, 734 P.2d 1221, 1225 (Nev. 1987)) (listing elements of intentional interference with prospective economic advantage claim).

Plaintiffs have not adequately alleged that Defendants' misrepresentation — that HAV was a validly formed corporation when the contract was signed — proximately caused their damages.  According to Plaintiffs, had they known HAV did not exist at the time, they would not have signed the contract.  They allege that they would have instead sold the property to another party and would not have begun to develop the property.  This is simply not plausible.  Plaintiffs have not shown that the status of HAV – the sole purpose of which was to purchase the property *once it had been developed* – when the parties entered into their development deal was material.  Rather, the foregone business opportunities and development costs on which Plaintiffs rest their claims can be considered losses only because the deal ultimately failed when Plaintiffs defaulted on the Wachovia loan.  Had Plaintiffs not defaulted, and instead finished developing the property, there is no allegation or indication that Defendants would not have made good on their promises and purchased the property.

5

Plaintiffs' unjust enrichment claim also fails.  Under Nevada law, a claim of unjust enrichment requires "a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof."  *Leasepartners Corp. v. Robert L. Brooks Tr. Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997) (quoting *Unionamerica Mortg. & Equity Tr. v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981)).  Plaintiffs allege that Defendants obtained the property through foreclosure unjustly because Plaintiffs spent close to a million dollars developing the property, and Defendants never compensated Plaintiffs for that benefit.  But there is no allegation that Defendants did not properly follow the foreclosure procedures outlined in the loan agreement, which Plaintiffs themselves triggered by defaulting on their loan.  Plaintiffs cannot plausibly claim that Defendants have retained a benefit that equitably belongs to them when Defendants obtained the property through a valid foreclosure.

Finally, Plaintiffs have not stated a claim of civil conspiracy.  Civil conspiracy is not an independent cause of action under Nevada law.  Rather, a claim for civil conspiracy lies only where an underlying civil wrong was committed, which resulted in damages.  *See Jordan v. State ex rel. Dep't of Motor*

*Vehicles & Pub. Safety*, 110 P.3d 30, 51 (Nev. 2005), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670 (Nev. 2008). Because Plaintiffs have not adequately alleged any substantive civil wrong, their civil conspiracy claim fails.

## IV.

The district court dismissed Plaintiffs' action without granting Plaintiffs leave to amend their complaint. We review this decision for an abuse of discretion. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 737 (9th Cir. 2008). A district court may properly deny leave to amend if it "determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Id.* (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1383, 1401 (9th Cir. 1986)).

The district court concluded that Plaintiffs could not allege, under any set of facts, that Defendants' misrepresentation had proximately caused their damages. As explained above, this was not error.

**AFFIRMED.**