# IN THE SUPREME COURT OF THE STATE OF NEVADA

SANDS AVIATION, LLC, A NEVADA
LIMITED LIABILITY COMPANY; AND
INTERFACE OPERATIONS BERMUDA
LTD., A FOREIGN LIMITED
COMPANY,
Appellants,
vs.
AIS-INTERNATIONAL, LTD., A
FOREIGN LIMITED COMPANY,
Respondent.

No. 73522

**FILED**

MAR 28 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK


SANDS AVIATION, LLC, A NEVADA
LIMITED LIABILITY COMPANY; AND
INTERFACE OPERATIONS BERMUDA
LTD., A FOREIGN LIMITED
COMPANY,
Appellants,
vs.
AIS-INTERNATIONAL, LTD., A
FOREIGN LIMITED COMPANY,
Respondent.

No. 74114

## ORDER AFFIRMING IN PART AND REVERSING IN PART

These are consolidated appeals from a final judgment and award of attorney fees and costs in a contract action. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

Appellant Sands Aviation, LLC, entered into a contract with respondent AIS International, Ltd. (AIS) to remodel an airplane owned by appellant Interface Operations Bermuda, Ltd. (IOB). The parties agreed that AIS would provide its design and engineering services for a fixed fee of $6.9 million. The contract provided that Sands Aviation had the right to

19-13827

terminate the contract at any time and for any reason, including no reason at all. If Sands Aviation elected to terminate the contract, AIS had to "submit a written request for incurred costs for [s]ervices performed through the date of termination." Sands Aviation was required to pay the invoice within 30 days. The contract also provided a reconciliation and settlement process in case the parties disputed the amount owed.

AIS agreed to complete the project in 12 months, though it estimated that a project of that scope typically required 38 months. However, three days before a major project deadline, and 10 weeks into the project, Sands Aviation terminated the contract. Approximately 14 days after the termination, AIS sent Sands Aviation its invoice charging 37.5 percent of the contract work. Sands Aviation did not respond to or reject the invoice.

After waiting approximately three months and not receiving a payment, AIS sued Sands Aviation and IOB for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment and quantum meruit, and a garagemen's lien. Following a four-day bench trial, the district court found in favor of AIS on its claims for breach of contract and breach of the implied covenant of good faith and fair dealing against Sands Aviation. As against IOB, the district court found in favor of AIS on the unjust enrichment claim. The court awarded AIS $891,250 in principal damages, plus attorney fees and costs, totaling $113,635.43, after deducting AIS's post-termination and travel costs, which it found were not owed under the contract. Sands Aviation appealed.

*The district court did not err in finding that Sands Aviation breached the contract and its allocation of damages is supported by substantial evidence*

Sands Aviation contends that the district court erred in finding that it breached the terms of the contract by failing to respond to AIS's

SUPREME COURT
OF
NEVADA

(O) 1947A

2

invoice, arguing that its finding was essentially a rewriting of the contract by imposing on Sands Aviation a duty to respond to an incorrect invoice. Sands Aviation further challenges the district court's allocation of damages to AIS as a result of the breach of contract.

We review a district court's interpretation of a contract de novo. *Golden Rd. Motor Inn, Inc. v. Islam*, 132 Nev. 476, 481, 376 P.3d 151, 155 (2016). "[W]hen a contract is clear, unambiguous, and complete, its terms must be given their plain meaning and the contract must be enforced as written; the court may not admit any other evidence of the parties' intent because the contract expresses their intent." *Ringle v. Bruton*, 120 Nev. 82, 93, 86 P.3d 1032, 1039 (2004).

As a preliminary matter, we note that the contract contained a time-is-of-the-essence clause and it was a fully integrated agreement. A plain reading of the contract's termination and reconciliation provisions makes clear that, after receiving "a correct, adequately documented written request," Sands Aviation was required to pay the requested amount within 30 days. If the invoice was incorrect or not adequately documented, Sands Aviation could begin the reconciliation and settlement process to dispute the amount owed. Otherwise, the invoice became due after the 30 days. Reading these provisions together, we agree with the district court that Sands Aviation's failure to object or respond to AIS's invoice constituted a breach of the express terms of the contract.

Once Sands Aviation elected to terminate the contract and AIS submitted its invoice, the 30-day deadline began. Sands Aviation sent AIS its termination letter on November 10, 2014. AIS sent its invoice and included a reconciliation report supporting the invoice two weeks later on November 24, 2014. AIS and Sands Aviation held a telephone conference

 

to discuss the invoice on December 8, 2014, but Sands Aviation did not reject or agree to the invoice at that time. AIS inquired about payment in January 2015 and offered to provide additional information to substantiate the invoice. Sands Aviation did not respond. After waiting three months for payment, AIS sued Sands Aviation and IOB to recover. Given the contract's specific deadlines and method for disputing the invoice, we conclude that Sands Aviation's failure to pay within the 30-day deadline, without any objection to the invoice amount, was a breach of the express terms of the contract.

Having found that Sands Aviation breached the contract, the district court allocated damages to AIS based on its finding that AIS had completed a substantial amount of the contracted work. Sands Aviation argues that the district court's error on the breach of contract issue extended into its award of damages to AIS, and that AIS failed to prove that its costs were "fair and equitable" under the contract. A district court's award of damages will be affirmed so long as it is supported by substantial evidence. *Wyeth v. Rowatt*, 126 Nev. 446, 470, 244 P.3d 765, 782 (2010), and the district court's factual findings will be upheld unless those findings are clearly erroneous and unsupported by substantial evidence. *Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Mason-McDuffie Real Estate, Inc. v. Villa Fiore Dev., LLC*, 130 Nev. 834, 838, 335 P.3d 211, 214 (2014) (internal quotation marks and citation omitted).

Following the conclusion of the bench trial, the district court found that AIS earned a total of $2,591,250 under the contract but that Sands Aviation had only paid $1.7 million. In its letter dated November 24,

2014, AIS informed Sands Aviation that its invoice was "[b]ased upon the level of completeness of the design, the additional design and program related services provided, as well as other labor, materials, supplies, tools, equipment, and facility costs, which t[ook] into account over 10,000 engineering and program management hours." Additionally, AIS provided Sands Aviation with 22 gigabytes of data "relat[ing] to its design of the Airplane." The district court noted that Sands Aviation terminated the contract just three days before the preliminary-design-review benchmark, which would have entitled AIS to an additional $1.7 million. It further determined that based on the cost schedule and the scope of work included as part of the contract, AIS had completed 37.5 percent of the total project, and AIS's invoice "represent[ed] the fair and equitable proportion" of the work performed by AIS.[1]

Based on the evidence adduced at trial, we conclude that the district court's factual findings are not clearly erroneous and those findings and its allocation of damages to AIS based on the breach of contract are

---

[1]We are unpersuaded by Sands Aviation's argument that the contract did not allow AIS to recover on a percentage basis and that it could only recover "actual costs incurred by AIS *for* its performance," because section 14.3 of the contract does not contain such language and, moreover, the contract explicitly provides that it was a fixed-fee contract that followed an installment payment schedule. As the district court found, section 14.4 of the contract provided that "the [p]arties shall . . . reconcile the final payment of costs based on a fair and equitable proportion of the Services provided by AIS (as substantiated by AIS' records and documentation)."

supported by substantial evidence. *See Sowers*, 129 Nev. at 105, 294 P.3d at 432; *Wyeth*, 126 Nev. at 470, 244 P.3d at 782 (2010).[2]

*The district court did not err in finding that Sands Aviation breached the implied covenant of good faith and fair dealing*

The district court determined that Sands Aviation breached its duty of good faith and fair dealing when it sent AIS's scope of work for additional floor plan work to AIS's competitor requesting a proposal for the same work. We agree. "It is well established within Nevada that every contract imposes upon the contracting parties the duty of good faith and fair dealing." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 109 Nev. 1043, 1046, 862 P.2d 1207, 1209 (1993) (*Hilton II*). A breach of this duty occurs "[w]hen one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 234, 808 P.2d 919, 923 (1991) (*Hilton I*). A breach of the implied covenant of good faith and fair dealing "will give rise to an award of contract damages." *Hilton II*, 109 Nev. at 1047, 862 P.2d at 1209.

Here, the evidence adduced at trial demonstrated that Sands Aviation asked AIS to submit a proposal for additional work that was not covered in the original contract. AIS provided the proposal on November 6, 2014. The next day, despite having signed a non-disclosure agreement, Sands Aviation secretly forwarded AIS's floor plan proposal to its competitor requesting a bid on the same scope of work. Sands Aviation

---

[2]Given our disposition in this order, we need not reach Sands Aviation's waiver arguments as we have concluded that Sands Aviation breached the contract by failing to respond or object to AIS's invoice.

SUPREME COURT
OF
NEVADA

(O) 1947A

6

subsequently terminated its contract with AIS, but it argues on appeal that it did not breach its duty because it had decided to terminate AIS *before* it sent the proposal. We reject this argument because Sands Aviation sent the confidential proposal when AIS was still under contract. Nonetheless, Sands Aviation did not communicate to AIS its intent to terminate the contract until after it had sent the proposal to the competitor.

Additionally, Sands Aviation had another competitor evaluate AIS's invoice. We agree with the district court that this too was a breach of the duty of good faith and fair dealing because the competitor stood to gain from devaluing AIS's work. In fact, the competitor ultimately replaced AIS on the contract. Additionally, the evidence at trial showed that the competitor was biased and used incomplete data in its assessment. Accordingly, we conclude that district court did not err in finding that Sands Aviation breached its duty of good faith and fair dealing as Sands Aviation's conduct "was unfaithful to the purpose of the contract."[3] *Hilton I*, 107 Nev. at 234, 808 P.2d at 923.

*The district court abused its discretion in finding that IOB was unjustly enriched and awarding AIS damages*

Appellant IOB argues that the district court's finding that IOB was unjustly enriched by services performed by AIS was an abuse of discretion because AIS failed to show that IOB received a benefit from AIS. Specifically, IOB argues that it had to retain a replacement crew to redo much of AIS's work to complete the project; therefore, AIS's work was of no

---

[3]We decline to reach Sands Aviation's argument that a finding of breach of contract and breach of the implied covenant of good faith and fair dealing cannot be predicated on the same conduct because the district court reached this determination in the alternative and, as we conclude in this order, Sands Aviation breached the express terms of the contract.

value to IOB. Unjust enrichment is the unjust retention of a benefit which belongs to another. *Asphalt Prods. Corp. v. All Star Ready Mix, Inc.*, 111 Nev. 799, 802, 898 P.2d 699, 701 (1995). We generally review damages awards for an abuse of discretion. *Id.* In a bench trial, a district court's unjust enrichment determination must be supported substantial evidence and it must make factual findings and separate conclusions of law to support its determination. *Id.*

In determining that IOB had been unjustly enriched, the district court simply found that IOB was not a party to the contract; as such AIS could recover against IOB because IOB was not a party to the contract but had received a benefit nonetheless. The district court failed to make any findings or conclusions of law as to whether IOB appreciated, accepted, or retained AIS's services, which are essential terms of any contact and necessary findings to demonstrate unjust enrichment. *See Unionamerica Mortg. & Equity Tr. v. McDonald*, 97 Nev. 210, 212, 626 P.2d 1272, 1273 (1981) (stating that an unjust enrichment claim requires a plaintiff to show that the plaintiff conferred a benefit on the defendant, which the defendant appreciated, accepted, and retained "'under circumstances such that it would be inequitable for him to retain'" without payment) (quoting *Dass v. Epplen*, 424 P.2d 779, 780 (Colo. 1967)). Accordingly, we conclude that the district court abused its discretion by finding in favor of AIS on its unjust enrichment claim and awarding AIS damages against IOB, and we thus reverse that portion of the district court's judgment.[4]

---

[4]Because we reverse the district court's judgment as to AIS's unjust enrichment claim against IOB, we need not address IOB's argument that

For the reasons set forth above, ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART.[5]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:     Hon. Joseph Hardy, Jr., District Judge
        Thomas J. Tanksley, Settlement Judge
        Morris Law Group
        Peel Brimley LLP/Henderson
        Eighth District Court Clerk

---

AIS did not prove the value of its work and that the district court did not allocate specific damages pertaining to the unjust enrichment claim.

[5]Sands Aviation has failed to cogently argue why this court should reverse the district court's order granting AIS attorney fees and costs, and we thus do not consider this argument on appeal. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (stating that claims not cogently argued or supported by relevant authority need not be considered by this court).